**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 23, 2011

No. 09-51178

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STEPHEN WESTE,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-323-1

Before REAVLEY, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

High school teacher Steven Weste appeals his conviction, which was related to a series of threatening and harassing emails sent over a two-year period.  Weste contends that the district court erred by denying his motion to transfer venue, that the evidence was insufficient to sustain his conviction, and that his counsel was prevented from conducting a complete defense.  Weste also appeals his sentence of 180 months of imprisonment, asserting that the district court erred in calculating his sentence.  For the reasons outlined below, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51178

disagree with each of Weste's contentions, and therefore AFFIRM the judgment of the district court.

I.

Steven Weste was a history teacher at Judson High School in San Antonio, Texas, who began dating his student Amanda Stewart soon after her graduation in May 2005. Amanda, her family, and others received a series of emails containing graphically-violent threats and harassing statements over a two-year period. Although the emails purported to be from Amanda's mother and from her ex-boyfriend, the Government presented evidence showing that the IP address was linked to Weste when the offending emails were sent. Further, forensic evidence obtained by searching Weste's computer showed that it was used to compose some of the threatening messages.

A jury found Weste guilty of fifteen counts, including: five counts of Making False Statements to a Federal Agency, 18 U.S.C. § 1001(a)(2), one count of Concealing a Material Fact in a Matter within the Jurisdiction of a Federal agency, 18 U.S.C. § 1001(a)(1), and nine counts of Transmitting Threats to Kill Others, 18 U.S.C. § 875(c). The district court sentenced Weste to 180 months of imprisonment. Weste timely appealed.

II.

On appeal, Weste raises the following contentions: (1) that the district court's denial of his motion to transfer venue violated his right to a fair and impartial jury; (2) that there was insufficient evidence to support the jury's verdict on each count; (3) that his right to present a defense was infringed by the district court's threatening to reverse a favorable motion to suppress if his counsel continued aggressively to cross-examine witnesses; and (4) that the district court abused its discretion by assigning him a non-guidelines sentence. We consider each of these contentions below.

No. 09-51178

A.

We first address the denial of Weste's motion for change of venue. A change of venue motion is reviewed for abuse of discretion, with considerable deference to the district court. *Skilling v. United States*, 130 S. Ct. 2896, 2913 n. 11 (2010); *United States v. Hinojosa*, 958 F.2d 624, 631 (5th Cir. 1992); *United States v. Smith*, 354 F.3d 390, 394 (5th Cir. 2003).

A newspaper article, which was published two days before the beginning of trial, but after the jury was impaneled, reported Weste's confession to the police. Although it was suppressed from the jury, two jurors learned of the article. However, they were dismissed from the jury and the remaining jurors did not know about the article. Weste argues that this chain of events necessitated the grant of his motion to transfer venue. Although we agree that the newspaper article containing the confession was prejudicial, the remaining jurors were not aware of it. *See United States v. Evans*, 272 F.3d 1069, 1087 (8th Cir. 2001); *United States v. Seeright*, 978 F.2d 842, 849-50 (4th Cir. 1992). Accordingly, we find that the district court did not err in denying Weste's motion to transfer venue.

B.

We next consider Weste's contention that the evidence is insufficient to support the jury's verdict on each count. This court reviews *de novo* whether the evidence presented at trial is sufficient for a rational trier of fact to have found the essential elements of a the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In order to uphold a verdict, the court need only find that the jury's verdict was reasonable; it need not believe it was correct. *United States v. Ollison*, 555 F.3d 152, 160 (5th Cir. 2009).

Weste alleges that there was no direct or physical evidence linking him to the emails and that the IP addresses from which the emails were sent were not registered to "Steven Weste." At trial, a government case agent testified that the

3

No. 09-51178

IP addresses from which several of the threatening emails were sent could be traced to Weste. The expert also testified that Weste set up or logged on to several of the email accounts from which the offending emails were sent. Government experts presented several chronologies of events showing that Weste's computer was used in locations where Weste was known to have been at the times they were sent (Weste's location was tracked through cell phone records and credit card transactions). Additionally, a government agent performed a forensic examination of Weste's laptop, which showed that it was used to log on to the email accounts in question, that it was used to log on to a Starbucks wireless account from which emails were sent, and that the January 8, 2007 email sent to John Coleman from chalcedony.1@hotmail.com was composed on Weste's laptop. Based upon this and other evidence presented at trial, we hold that there is sufficient evidence for a reasonable jury to convict Weste.

C.

Weste contends that the district court violated his Sixth Amendment right to present a defense when it threatened to reverse a favorable ruling from a motion to suppress if counsel continued to cross-examine witnesses in a way that attacked law enforcement. Alleged Sixth Amendment violations are reviewed *de novo*. *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000); *United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006); *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008). Although Weste claims that the judge issued a "blanket warning" that inhibited his defense, the district court judge made a single statement, which was quickly clarified when he explicitly noted: "You can ask all the tough questions you like, but your questions have to be phrased as questions." We have held that "[t]he Confrontation Clause does not guarantee defendants cross-examination to whatever extent they desire." *Bigby v. Dretke*, 402 F.3d 551, 573 (5th Cir. 2005). Accordingly, we hold that the district court

4

No. 09-51178

did not err by requiring Weste's counsel to phrase statements to witnesses as questions.

## D.

Finally, Weste contends that the district court erred by imposing upon him a non-guidelines sentence. Appellate review of sentences takes place in two stages: First, the appellate court questions whether the district court procedurally erred; then, if the sentence was procedurally proper, the court engages in a substantive review for reasonableness, based on the totality of the circumstances. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Because Weste did not raise a claim of procedural error at sentencing, we review his claim for plain-error. *See United States v. Lopez-Velasquez*, 562 F.3d 804, 806 (5th Cir. 2008). The district did not commit procedural error because it clearly listed the factors that led to the heightened sentence, consistent with 18 U.S.C. § 3553. *Mondragon-Santiago*, 564 F.3d at 360 (describing procedural error as including a failure "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.").

Thus, we need only assess whether the sentence is reasonable based upon the totality of the circumstances. Appellate courts review sentences for reasonableness under an abuse of discretion standard. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). A non-guidelines sentence is unreasonable if it: (1) does not account for 18 U.S.C. § 3553(a) factors that should have received significant weight; (2) gives significant weight to an irrelevant or improper factor; or (3) represents clear error of judgment in balancing the sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court properly considered, with reference to § 3553, the pre-sentence report, the parties' arguments, the victim impact statements, evidence

5

from the trial, psychological reports, and letters submitted in support of Weste. Further, the court did not abuse its discretion by grouping the fifteen charges into three counts; it did so in accordance with U.S.S.G § 3D1.2, which requires that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G § 3D1.2. Finally, the district court did not abuse its discretion by running the sentences consecutively rather that concurrently; it clearly has the authority to do so. *See United States v. Saldana*, 427 F.3d 298, 308-09 n.41 (5th Cir. 2005) ("A district court has discretion under 18 U.S.C. § 3584 to depart upwardly by running sentences consecutively, even when 18 U.S.C.A. § 5G1.2(d) would otherwise mandate that the sentences run concurrently.").

Although we note that Weste's sentence was a sizable variance from the range advised by the guidelines, the district court produced a reasonable sentence which it adequately explained with reference to the § 3553(a) sentencing factors and was consistent with our interpretation of the statutes governing grouping and consecutively-run sentences. Accordingly, we find that the district court did not abuse its discretion in deciding Weste's sentence.

## III.

To review our holdings, we summarize: (1) the district court did not err in denying Weste's motion to transfer venue; (2) there is sufficient evidence to support the jury's verdict on each count; (3) Weste's right to present a defense was not infringed; and (4) the district court did not abuse its discretion by assigning Weste a non-guidelines sentence. Consequently, the judgment of the district court is

AFFIRMED.